**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| BRANDY GROSSNICKLE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. |
| ) | |
| FORT WAYNE COMMUNITY SCHOOLS, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Comes now Plaintiff Brandy Grossnickle, by counsel, and alleges against the Defendant as follows:

1. Plaintiff Brandy Grossnickle is a resident of Fort Wayne Indiana, and a former employee of the Defendant.

2. The Defendant is Fort Wayne Community Schools (FWCS), an incorporated school district doing business at 1200 South Clinton Street, Fort Wayne Indiana 46802. The Registered Agent is William L. Sweet, Jr., 1200 South Clinton Street, Fort Wayne, Indiana 46802. At all material times to this Complaint, the Defendant was an "employer" for the purposes of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601et seq. ("FMLA"), and the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. § 12101 *et seq* ("ADA").

3. The Plaintiff filed a Charge of Discrimination on September 3, 2019, a copy of which is attached hereto, incorporated herein and made a part hereof as Exhibit "A", EEOC #470-2019-04231. The EEOC issued a Notice of Right to Sue on or about March 11, 2020, a copy of which is attached hereto and made a part hereof as Exhibit "B". All administrative

remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4.  The Plaintiff was a hardworking, loyal employee of the Defendant's, until her wrongful termination and/or constructive discharge, on June 4, 2019. She performed within the reasonable expectation of the Defendant at all material times to this Complaint, and held the position of teacher at the time of separation from employment.

5.  The Plaintiff suffered from health problems over the years of her employment at FWCS, and took leave under the FMLA on multiple occasions to address her serious health conditions. On March 1, 2019, she suffered a back injury that was a serious health condition under the FMLA. The back injury constituted a disability, perceived disability, and or record of impairment under the ADA.

6.  On March 7, 2019 and after having been seen by a physician, the Plaintiff asked the Defendant for paperwork to complete in order to take intermittent FMLA leave. Her FMLA paperwork was subsequently submitted through her physician's office, on March 12, 2019.

7.  On March 23, 2019 the principal at the Plaintiff's assigned school, along with the Plaintiff's supervisor, met with her and informed the Plaintiff that they did not want her to take intermittent FMLA, but would rather she just take off work full time. The Plaintiff reiterated her request for intermittent FMLA, and her intention to work as much as physically possible during the period that the intermittent FMLA would be used. She then continued to be off work intermittently for treatment and illness resulting from her prescribed medication.

8.  On June 5, 2019, the Plaintiff attended the meeting with the new HR director and other HR personnel. The Plaintiff was told that because she had gone into 'no pay' status, and because some of her absences were due to sickness and did not count as intermittent FMLA, that the Defendant was terminating her contract with FWCS.

9. The Defendant's HR Director also showed the Plaintiff some Facebook posts, in which "memes" from other individuals had been reposted.   The Defendant's HR Director let the Plaintiff know that although the Plaintiff's termination was *not* due to these re-postings, the Defendant was of the position that an FWCS employee does not enjoy freedom of expression - a position contrary to the Plaintiff's rights under is the First Amendment of the U.S. Constitution

10. During the June 5, 2019 meeting, the Plaintiff was also told that she could sign a resignation form, but that otherwise the Defendant would proceed with the termination.   The Defendant thus tried to force the Plaintiff to resign, to avoid having a "job termination" in her employment history, which would have damaged her work record and could have negatively affected her ability to obtain new work.

11. After that, the Plaintiff signed the resignation form in the presence of her union leader, although by information and belief, the resignation paperwork was not submitted to the Defendant.   Later the Plaintiff sent the Defendant a letter stating that she would not resign.

12. Several months following her separation from employment, at the end of September 2019, the Defendant claimed that the Plaintiff had been "discharged for cause", allegedly as the result of a disciplinary action begun in January 2019, and that the Plaintiff's discharge date just happened to coincide with the end of the Defendant's 2018-2019 school year.

13. The Plaintiff contends that the changing, proffered reasons for termination were false and pretextual, and that in reality the Defendant discriminated against, retaliated against, and wrongfully terminated the Plaintiff for asserting her rights under the FMLA, and/or on the basis of her disability/perceived disability/record of impairment, in violation of her federally protected rights under the ADA.

14. The Defendant's unlawful, discriminatory and/or retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of her job and job-related benefits including income, and

3

further subjected the Plaintiff to inconvenience, mental anguish, emotional distress, and other damages and injuries.

15. The Defendant's unlawful and discriminatory/retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Complainant's federally protected rights under the FMLA and ADA, justifying an imposition of liquidated damages (available under the FMLA) and punitive damages (available under the ADA).

WHEREFORE, Plaintiff Brandy Grossnickle, by counsel, and respectfully requests judgment against the Defendant for compensatory damages, liquidated damages (where available) punitive damages (where available), reasonable attorney fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/____Christopher C. Myers_____
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:      (260) 424-0600
Facsimile:      (260) 424-0712
E-mail: cmyers@myers-law.com
*Attorney for Plaintiff*

5/19/2/0
IMS/lk

4